# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDY L. SMITH,
              Appellant,

        v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
DA-3330-14-0658-I-1

DATE: April 14, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Andy L. Smith</u>, Tyler, Texas, pro se.

<u>Steven E. Coney</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this appeal on grounds of adjudicatory efficiency. For the reasons discussed below, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

In a previously-filed appeal, the initial decision found that the appellant had been improperly released by demotion from his competitive level—PS-4 Laborer Custodial at the agency's East Texas Processing and Distribution Center (P&DC)—because he was assigned PS-3 custodial duties at the Shreveport P&DC following the closure of the East Texas P&DC without following the reduction in force (RIF) procedures set out in 5 C.F.R. part 351. *Smith v. U.S. Postal Service*, MSPB Docket No. DA-0351-13-0595-I-1, Initial Decision (March 18, 2014). The agency petitioned for review of that initial decision, and the Board has issued a Final Order dismissing that appeal for lack of jurisdiction, finding that the appellant was not released from his competitive level by demotion. *Smith v. U.S. Postal Service*, MSPB Docket No. DA-0351-13-0595-I-1, Final Order (Apr. 14, 2015).

While the petition for review in the RIF appeal was pending, the appellant filed the current appeal, in which he alleged that the agency violated the Veterans Employment Opportunities Act of 1998 (VEOA) by failing to afford him his veterans' preference rights, in that it allegedly failed to comply with the order for relief set forth in the initial decision in the RIF appeal. Finding that the appellant had not identified any new action taken by the agency or any legal issues that would not be resolved in the RIF appeal, the administrative judge dismissed the VEOA appeal on grounds of administrative efficiency.

## ANALYSIS

As correctly noted by the administrative judge, to establish jurisdiction over a VEOA appeal, an appellant must: (1) show that he exhausted his remedy with the Department of Labor; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after October 30, 1998, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *Hillman v.*

*Tennessee Valley Authority*, [95 M.S.P.R. 162](#), ¶ 9 (2003), *overruled on other grounds by Goldberg v. Department of Homeland Security*, [99 M.S.P.R. 660](#) (2005). The appellant was given notice of these jurisdictional requirements. Initial Appeal File, Tab 3. The only jurisdictional element in question in this appeal is the last one, whether the agency violated the appellant's rights under a statute or regulation relating to veterans' preference.

¶5    In his petition for review, the appellant emphasizes that, as an employee with veterans' preference, he has higher retention standing and superior assignment rights in a RIF than do nonpreference eligibles. Petition for Review File, Tab 1. Although it is true that only preference eligibles in the Postal Service have rights under the RIF regulations, *see Robinson v. U.S. Postal Service*, [63 M.S.P.R. 307](#), 311 (1994), this has no legal relevance outside of a RIF, and the Board has dismissed the appellant's RIF appeal for lack of jurisdiction. Accordingly, we find that the appellant has not made a nonfrivolous allegation that the agency violated his rights under a statute or regulation relating to veterans' preference, and he has therefore failed to establish jurisdiction over a VEOA appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.